IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

|  |  |  |
|---|---|---|
| ─────────────────────────── X |  | 3:09-md-02100-DRH-PMF |
| IN RE YASMIN AND YAZ (DROSPIRENONE MARKETING, SALES PRACTICES AND RELEVANT PRODUCTS LIABILITY LITIGATION | : : : : | MDL No. 2100 |
| ─────────────────────────── ANDREA BRANCH MILLER, | : | Judge David R. Herndon |
| Plaintiff, v. | : : |  |
| BAYER CORPORATION, | : | Civil Action No. 12-11096-DRH-PMF |
| BAYER HEALTHCARE PHARMACEUTICALS INC., BAYER HEALTHCARE, LLC, BAYER PHARMA AG (f/k/a BAYER SCHERING PHARMA AG), and BAYER AG, | : : : : |  |
| Defendants. ─────────────────────────── X |  |  |

## PLAINTIFF'S RESPONSE TO BAYER HEALTHCARE PHARMACEUTICALS INC.'S MOTION TO DISMISS WITH PREJUDICE

Plaintiff Andrea Branch Miller, by and through counsel, and for her Response to Bayer Healthcare Pharmaceuticals, Inc.'s Motion to Dismiss (Doc. 9) shows as follows:

1. The above-captioned case arose out of the removal of the Plaintiff's gallbladder following her use of Yasmin. (Doc. 1).

2. On February 8, 2013, Bayer HealthCare Pharmaceuticals Inc. moved to dismiss this matter without prejudice for Plaintiff's failure to comply with PFS obligations. (Doc. 6).

3. The Court granted the motion on March 11, 2013. (Doc. 7). Thus, the above-captioned case was dismissed without prejudice.

4. On March 22, 2013, the Plaintiff refiled her lawsuit with this Court. *See Miller v. Bayer Corporation et. al*, Case no. 3:13-cv-10462-DRH-PMF (hereafter the "Renewed Action.")

5. On March 25, 2013, the Plaintiff served the Renewed Action on Defendant's counsel in accordance with CMO #60, and in particular, Section VI of that Order. *See* Exhibit "A."

6. On March 28, 2013, Defendant's counsel emailed Plaintiff's counsel the following message: "This email is confirmation that your service email has been received as part of the gallbladder settlement program in the Yaz/Yasmin litigation." *See* Exhibit "A."

7. A district court is authorized, on defendant's motion, to dismiss an action for failure to prosecute or to obey a court order or federal rule. Fed.R.Civ.P. 41(b). Georgia law, however, provides a plaintiff with six months to refile an action, notwithstanding the fact that the statute of limitations may have expired during the pendency of the lawsuit. O.C.G.A. § 9–2–61.

8. Because the Plaintiff's action has been timely renewed and "has been received as part of the gallbladder settlement program in the Yaz/Yasmin litigation," Bayer

Healthcare Pharmaceuticals, Inc.'s Motion to Dismiss this matter with prejudice should be denied.

This the 3rd day of June, 2013.

>RESPECTFULLY SUBMITTED,

>s/ G. Todd Carter_____
G. Todd Carter
BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue
Post Office Box 220
Brunswick, GA 31520
(912) 264.8544
(912) 264-9667 FAX
tcarter@brbcsw.com
Attorney for Plaintiff


>s/ Paul M. Scott_____
Paul M. Scott
BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue
Post Office Box 220
Brunswick, GA 31520
(912) 264.8544
(912) 264-9667 FAX
pscott@brbcsw.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of June, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

s/ Paul M. Scott_____